UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY ALBERT GERGES,<br><br>                                    Plaintiff,<br><br>-against-<br><br>CHRIS HUDSON, FBI AGENT; STATEN ISLAND UNIVERSITY HOSPITAL,<br><br>                                    Defendants. | 23-CV-2587 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that the Federal Bureau of Investigation ("FBI") drugged him and implanted him with an "illegal chip and tracker." (ECF 1, at 5.) By order dated April 4, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

The Court dismisses the complaint for the reason set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following facts are drawn from the complaint, a court-issued form completed by Plaintiff. In September 2015, "the FBI drug me up and they put illegal chip and tracker."[1] (ECF 1, at 5.) Four years later, "I found out from the District Attorney it's all illegal." (*Id.*) Defendant "Agent Chris Hudson drug me up again and they broke my lymph nod[e] in Bear Mountain." (*Id.*) In 2019, Plaintiff "went to a hospital in Staten Island because I swallowed a fish bone." (*Id.*) A doctor at the hospital, George Kuzabskie, "took advantage of my life and they chopped me up." (*Id.*) "The doctor sliced my stomach nerve, they sliced 2 kidney, my liver, my lungs and they ran a tube from my pen[ ]is to my bladder if it break I will pee inside my body and I will die." (*Id.*)

The FBI also "installed a device inside my jeep keep poking my feet and the FBI admit of install that device." (*Id.*)

Plaintiff states that he feels "weak and sick." and "I try my best everyday to work to pay my bills." (*Id.*) He seeks $10,000,000 in damages.

---

[1] All spelling and grammar are as in the original unless noted otherwise.

On November 29, 2021, Plaintiff filed a substantially similar complaint in the United States District Court for the Eastern District of New York. *See Gerges v. Hudson*, No. 21-CV-6709 (E.D.N.Y. Jan. 11, 2022). That court dismissed the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

Plaintiff asserts that (1) the FBI drugged him and implanted him with a tracking chip, and that (2) a Staten Island doctor sliced his major organs. (ECF at 5.) He does not provide, however, any factual support for these conclusory allegations. Indeed, allegations such as these are legally classified as frivolous because they "rise to the level of the irrational [and are] wholly incredible." *See Denton*, 504 U.S. at 33. Thus, even when reading Plaintiff's complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court concludes that the complaint must be dismissed as frivolous, *see, e.g.*, *Gerges*, No. 21-CV-6709 (dismissing as frivolous substantially similar claims asserted by Plaintiff).

Because "courts have the power and duty to dismiss complaints that contain only conclusory, frivolous, or implausible allegations," *Walker v. Schult*, 717 F.3d 119, 130 (2d Cir. 2013), the Court dismisses the complaint as frivolous because "the factual contentions are clearly baseless," *Livingston*, 141 F.3d at 437; *see Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional") (citation and internal quotation marks omitted).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   May 30, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge